BANKERS' & MERCHANTS' TEL. Co. *v.* CHICAGO CARPET Co. and others.

*(Circuit Court, N. D. Illinois. · July 26, 1886.)*

ATTACHMENT—LIENS—PRIORITY—SUITS REMOVED FROM STATE COURT.

Where a defendant removed into the federal court several attachment suits commenced against him by several plaintiffs in two state courts, *held*, that the rule of distribution and of the priority of the liens would be the same as it would have been had judgments been entered in the state courts.

Exceptions to Report of Master of the Court on the nature, extent, and order of priority of several liens.

*J. R. Doolittle, Jr.,* for complainant.

*Jas. L. High,* for receiver.

*L. W. Perce* and *A. M. Pence,* for McGinley.

BLODGETT, J. The bill in this case was filed September 29, 1884, stating, in substance, that complainant was the owner of, and controlling and operating, certain lines of telegraph; that complainant had become insolvent, and was unable to pay its debts in full; that

divers of its creditors had commenced suit by writs of attachment, and otherwise, in courts of Cook county and elsewhere, and caused levies to be made upon the lines and property of the complainant; and that there was danger that the property would be disintegrated and destroyed for the public purposes for which said lines were erected unless a receiver was appointed, and the property taken into the charge of a competent court, where the same could be conserved for the benefit of the creditors, and sold as an entirety in such a way as would enable it to produce the most money for those interested. A receiver was appointed according to the prayer of the bill, and the property has since been in the hands of a receiver of this court, and operated as an entirety for the benefit of the creditors.

Several cross-bills have been filed, and steps taken by various creditors to assert their rights in the premises; and, on the application of the receiver, a reference has been had to one of the masters of the court to inquire and report to the court the liens existing upon the property, and the order of priority of such liens; and in pursuance of such reference a hearing has been had before the master, and a report filed finding the nature and extent of the liens upon the property, and the order of their priority. To this report various exceptions have been filed, involving mainly the question of the extent and priority of the liens of divers attaching and judgment creditors.

It appears from the master's finding of facts that Dennis, Long & Co., in August, 1884, commenced a suit in the circuit court of Cook county by summons, returnable to the September term of said court for the year 1884; that James McGinley commenced suit by attachment in the same court on the first of September, 1884, returnable to the September term of said court, and this writ of attachment, on the first of September, was served by the sheriff of Cook county by a levy upon all the telegraph lines and property of the company situated in Cook county; that James W. Brennan brought suit by summons in the superior court of Cook county, returnable to the October term, 1884, and that on the second of September, 1884, he sued out a writ of attachment in aid of his said suit, returnable to the said October term; that Austin G. Day, the fifteenth of September, 1884, commenced suit by writ of attachment in the superior court, returnable to the October term of said court; that E. C. Ayer commenced suit on the same day by attachment in the superior court, returnable to the October term of the said court; and that day brought a further writ of attachment in the superior court on the twenty-fourth of September, 1884, returnable to the October term of said court.

It further appears that all these attachments issued subsequently to that of McGinley were executed by levying on the same property levied on under the McGinley attachment. It also appears that all these suits were removed by the complainant from the state courts in which they were commenced to this court; and that on October 29, 1884, judgment was rendered in favor of Dennis, Long & Co. for

$6,227.15, and costs; and that on October 31st judgment was rendered in favor of McGinley for $15,610 and costs; and on the same day in favor of Day for $26,646.08 and $21,402.17, and costs, and in favor of Ayer for $1,672, and costs,—all said judgments being rendered at the same time.

It was contended on the part of McGinley that, although the judgments in these several suits were all rendered in this court at the same term, and within a very short time of each other, yet the McGinley suit having been commenced in the circuit court, returnable at the September term, which was the third Monday of September, while the other attachments were all issued from the superior court of Cook county, and not returnable until the last day of October, therefore the McGinley judgment was a prior lien, and must be first paid in full before the other attachment or judgment creditors can receive anything from the proceeds of the property; while it was contended on the part of the other attaching creditors that the removal of the cases to this court, and the rendition of judgment upon them at the same term, puts them on an equality, and that they should share *pro rata* in the proceeds of the property.

The master found in accordance with the latter proposition, and held that the judgments were of equal priority, and should share *pro rata*. To this finding McGinley has, by his counsel, excepted, and the main contention in the case centers around this finding.

The questions in controversy arise upon the true construction to be given to the statute of Illinois in reference to the priorities of attaching judgment creditors, and the effect upon such priorities of the removal to the federal court of a suit commenced in the state court by attachment.

Section 37, c. 11, Rev. St. Ill., provides:

"All judgments and attachments against the same defendant, returnable at the same term, and all judgments and suits by *capias* or attachment against such defendants recovered at that term, or at the term when the judgment on the first attachment upon which judgment shall be recovered is rendered, shall share *pro rata*, according to the amount of the several judgments, in the proceeds of the property attached."

Section 4 of the act of congress of March 3, 1875, providing for the removal of causes from the state to the federal court, provides:

"When any suit shall be removed from the state court to the circuit court of the United States, any attachment or sequestration of the goods or estate of the defendant in such suit in the state court shall hold the goods or estate so attached or sequestered, to answer the final judgment or decree, in the same manner as by law they would have been held to answer the final judgment or decree had it been rendered by the court in which that suit was commenced."

It will be seen that the state statute makes no provisions for the relative rights of creditors who have brought suits in different courts returnable at the same term, as the terms of many of the state courts are coincident; nor do I find that any adjudication has been had in

the supreme court of this state concerning the relative rights of such creditors. I must assume, however, that the familiar principle of law would control in such a case: that the court which first, by its process, got jurisdiction and control of the property, would assert and maintain the priority of right of its attaching creditors; and such, it was stated on the argument, is the rule acted upon in courts of record of Cook county having co-ordinate jurisdiction.

It appears from the admitted facts in this case that McGinley commenced his suit in the circuit court of Cook county, on the first day of September, by issuing out a writ of attachment, which was served on that day by a levy upon the property now in question. This writ was returnable on the third Monday of September, which was the first day of the September term; and it seems to me that the circuit court of Cook county, having acquired jurisdiction by the issue of the first writ of attachment, and the first levy returnable at the earliest day, must be held to have acquired a prior right to this property; and that when, by an act of the defendant, all these cases were removed into this court, they came to this court with their priorities fixed, and it was the duty of this court to adjust the respective rights of the parties according to those priorities. The master has found by his report that the effect of removing the cases to this court, under the act of congress, is the same as if these suits had all been removed by change of venue under the state laws into our state court, and judgments had then been rendered in all the suits at the same term; and that the statute of Illinois providing that creditors whose attachments are returnable at the same term of court, and other creditors who have brought suits without attachment, where their judgments are rendered at the same term of court with the attachment suits, shall share *pro rata* in the proceeds of the attached property, controls the rights of the parties in this case, and virtually puts all these judgment creditors upon the same footing. I do not think the analogy between the effect of changes of venue under the state practice and the removal of cases from the state to the federal courts so close as to make the argument drawn from this illustration conclusive.

It seems to me this court must administer upon the rights of these parties in substantially the same way as it must be presumed they would have been determined had the cases remained in the state courts, where they were respectively commenced. McGinley would have been held by the circuit court of Cook county to have had a prior right over any of the other attaching creditors whose suits were commenced in the superior court. Whether Dennis, Long & Co., who had commenced their suit by summons in the same court, returnable at the same term with McGinley's attachment, would have shared with McGinley, would depend upon whether they obtained their judgment at the same term with McGinley. As no defense was interposed in either the *Dennis, Long & Co.* or *McGinley Case* in this court, this

court must, I think, presume that there would have been no defense in either case if they had remained in the state court; and therefore that Dennis, Long & Co. would have obtained their judgment at the same time and term that McGinley did, and hence they would have had a lien co-equal with that of McGinley; and, as I have already said, I think the circuit court of Cook county would have asserted and insisted upon the priority of these two creditors as against subsequent attaching creditors in another court, returnable at a later term. I am therefore of opinion that the exceptions of McGinley to the findings of the master should be sustained, and that McGinley and Dennis, Long & Co. should be held to have a prior claim upon the proceeds of the property to that of the other creditors named.

It further appears from the proof that the judgments of James W. Brennan, Dennis, Long & Co., Ayer, and Day have all been purchased by Edward S. Stokes, and that Stokes is now the holder of the Day judgments, and Louis Adler is the holder of the Brennan and Ayer judgments; that Stokes was a large holder of receivers' certificates that had been issued by the receivers of the complainant, who were appointed by one of the courts in the city of New York; and that Stokes made the purchase of these judgments for the purpose of protecting his receivers' certificates. It also appears that Stokes, in purchasing these judgments, paid something less than their face; but it is not necessary, for the purposes of the case, at this time, to determine whether Stokes should be allowed to share in the proceeds of a sale of the property on the basis of the total amount due on the judgments or the amount he paid for them.

It also appears from the master's report that the complainant company was the lessee of the line of the Board of Trade Telegraph Company extending from the city of Chicago to the city of St. Louis, and that said line has been operated as part of the lines of the complainant company by the receiver of the court since his appointment. One of the shareholders of the Board of Trade Telegraph Company appeared before the master, and insisted that the rental due that company from the complainant should be a prior claim upon the proceeds of the property when sold. But inasmuch as the Board of Trade Telegraph Company has made no such claim in its own name, although its accredited attorney has appeared in this case representing other interests, but has not insisted on this claim, and inasmuch as the master has found it is not a preferred claim, I am not disposed to disturb the finding of the master in this respect.

An order may therefore be entered overruling all exceptions to the master's report, and confirming the same, except the exception filed on behalf of McGinley; and the master's report is so far modified as that the judgments of McGinley and Dennis, Long & Co. are held to be prior claims, to be paid in full before either of the other judgments are paid.